IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER JONES, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.; LVNV FUNDING LLC; and RESURGENT CAPITAL SERVICES L.P.,<br><br>Defendants. | Jury Demanded<br><br>Civil Action No. 20-cv- |

## CLASS ACTION COMPLAINT

Plaintiff, Jennifer Jones, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA) and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C.§ 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that falsely implies that an amount sufficient to pay a debt in full may not be sufficient in the future.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Jennifer Jones, ("Plaintiff") is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank, N.A. consumer credit card account.

7. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation that does or transacts business in Illinois. Its registered agent is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

9. FRS is engaged in the business of a collection agency, regularly using the mails and telephone to collect defaulted consumer debts originally owed to others.

10. Defendant FRS holds a collection agency license from the State of Illinois.

11. FRS owns and/or maintains a website, www.fin-rec.com.

12. At the time of filing of this lawsuit, FRS' website stated in part as follows:

> **Debt Collections**
>
> Clients from many industries look to Financial Recovery Services as their key partner in loss remediation. Top market segments serviced by FRS include BankCard, Retail, Installment Loan, Service Contracts and Utilities. Placement

>levels that FRS has a proven track record would include Early-Out, Primary, Secondary, Tertiary, Quaternary and Warehouse. Embracing the contemporary technologies of EDI and automated processing, Financial Recovery Services can easily accommodate individual client placement volume. This breadth and scope of service stands unique among the collection industry. In contrast to focusing only on one of these service areas, and being competent at only that level, FRS is able to manage this diverse array of services *equally* due to the breath and experience of our most valuable resource – our people. In the aggregate, Financial Recovery Service brings centuries of experience to the table.

(https://www.fin-rec.com/what-we-do/collections/, Accessed 11 May, 2020)

13. Defendant FRS regularly collects or attempts to collect defaulted consumer debts owed or due another, via the mailing of letters and via the making of telephone calls to consumers in connection with the collection of the debts it seeks to collect on behalf of third parties, and Defendant is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

15. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts.

16. LVNV owns and/or maintains a website, www.lvnvfunding.com.

17. At the time of filing of this complaint, LVNV's website read in part as follows:

>Your Account Has A New Owner: LVNV Funding

>You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a fully licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.

(https://lvnvfunding.com/, Accessed 11, May, 2020)

18. LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

19. LVNV's principal purpose is the collection of defaulted consumer debts via interstate commerce, such as the mails and the filing of lawsuits across multiple states' lines.

20. In fact, at least 75 percent of LVNV's revenue comes from collections "indirectly" via lawsuits, credit reporting and collection letters, on defaulted consumer debts originated by others.

21. LVNV holds a collection agency license from the State of Illinois.

22. LVNV uses interstate commerce and the mails to collect defaulted consumer debts, the collection of which constitutes the principal purpose of its business, and LVNV is thus a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

23. Resurgent Capital Services, LP, ("Resurgent") is a servicer of defaulted consumer debts, which collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV in this case, via the mailing of collection letters and telephone communications made to alleged debtors in connection with the collection of the alleged debts that they attempt to collect.

24. Resurgent is a South Carolina corporation that does or transacts business in Illinois. Its registered agent is Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina, 2920.

25. Resurgent services and manages the defaulted consumer receivables that LVNV purchases.

26. Specifically, the management of assets purchased by LVNV is outsourced to Resurgent, a third-party specializing in the management of these types of consumer assets.

Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.

27. Resurgent holds a collection agency license from the State of Illinois.

28. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. It manages accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts.

29. Resurgent was hired to collect the alleged debt on behalf of LVNV.

30. Resurgent manages and services charged-off consumer debt portfolios for LVNV.

31. Resurgent is thus a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly collects defaulted consumer debts on behalf of another, namely, LVNV.

32. Resurgent collects defaulted consumer debts on behalf of LVNV directly, or by outsourcing the recovery activities to other, independent, specialized, licensed collection agencies.

33. Resurgent is the servicer for the alleged debt.

34. Resurgent and/or LVNV hired FRS to collect the alleged debt from Plaintiff.

## FACTUAL ALLEGATIONS

35. Plaintiff incurred an alleged debt for goods and services used for personal, family and household purposes, originally for a Credit One Bank, N.A. ("Credit One") consumer credit card ("alleged debt").

36. Plaintiff used the card to purchase items for her home and personal use.

37. The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

38. Due to her financial circumstances, Plaintiff could not pay the alleged debt and it went into default.

39. The alleged debt was subsequently charged off.

40. LVNV claims to have thereafter purchased the alleged debt, and placed it with Resurgent for collection from the Plaintiff.

41. Resurgent and/or LVNV thereafter hired FRS to collect the alleged debt, and FRS subsequently began attempting to collect it from Plaintiff.

42. On or about May 10, 2019, FRS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit A, Collection Letter).

43. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, account number and balance.

44. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

45. The Letter uses a template identified as Letter Code 0L3.

46. The Letter is a form letter.

47. The Letter states, in relevant part:

> As of the date of this letter, you owe the outstanding balance of 991.68. While your account is with our office, if you pay $991.68, the above referenced account will be considered paid in full.

(Exhibit C, Collection Letter).

48. By stating that the payoff amount of $991.68 is good "as of the date of this letter", and that such amount would be sufficient to pay the account in full while "with our office", Defendants were communicating to Plaintiff the possibility that such amount may not be sufficient in the future.

49. In fact, the debt is charged off and such an amount would always be sufficient for the account to be considered paid in full, whether or not the account is still with FRS.

50. Plaintiff believed the payoff amount was only good for the current month of the letter, and that the amount could change if the account was placed with a different office.

51. The unsophisticated consumer would believe the payoff amount was only good for the current month of the letter, and that the amount could change if the account was placed with a different office.

52. Defendants' suggestion that the account remaining with FRS bears on whether payment in the amount of $991.68 will pay off the full alleged debt amount is false.

53. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

7

> **(1) the amount of the debt. . . .**

54. Defendants failed to adequately communicate the amount of an alleged debt, in violation of 15 U.S.C. §§ 1692g(a)(1), when they stated the amount provided as "due" was as of the date of the letter and good while the account was with Defendant FRS' office.

55. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—**
>
> > **(A) lose any claim or defense to payment of the debt; or**
> > **(B) become subject to any practice prohibited by this subchapter.**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

56. Defendants misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a), 1692e(5) and 1692e(10), when they suggested it was possible that the payoff amount of a charged off debt could become insufficient if the debt was placed with a different office.

8

57. Defendants falsely represented that the referral or other transfer of an alleged debt could result in Plaintiff being subject to a practice prohibited by the FDCPA, namely the false implication that the amount of the alleged debt would increase in the future if the debt is transferred to another collector, in violation of § 1692e(6)(B) of the FDCPA.

58. A letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome—here that $991.68 may no longer be sufficient to consider the account paid in full if the account was transferred to another collector—that cannot legally come to pass. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018).

59. Defendants' use of the language at issue represents a careful and deliberate deception. The carefully crafted language, chosen to obscure from the debtor that the law prohibits a future collector from increasing the payoff amount of a charged off debt, is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that unsophisticated debtors will believe that the amount due may one day become insufficient to pay the debt in full, and will thus choose to pay the alleged debt because they fear the consequences of not doing so. *See Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 687 (7th Cir. 2017).

60. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

61. Defendants used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when they suggested that the amount required to pay the debt in full could be insufficient at a future date or if the account was no longer with FRS.

9

62. Defendants' statement to Plaintiff that the amount due is sufficient to pay the account in full so long as the debt is with its office served as a warning to Plaintiff to pay the debt now or face the (false) possibility of an increased balance with the next debt collector.

63. FRS could have avoided violating the FDCPA by not referencing any time period at all, as the amount stated as required to pay the debt in full would always be sufficient to pay the debt in full. Its decision to provide a warning was calculated to make the unsophisticated consumer believe there was some advantage to paying the alleged debt now.

64. The Letter also makes numerous legal threats, including that the account will be reviewed to determine whether or not placement with a law firm is appropriate, that the creditor may consider "additional remedies", that the recipient should avoid client review for law firm assignment, and that the recipient should pay before the account is reviewed by the creditor for assignment to a licensed attorney.

65. The Letter then states in relevant part:

> If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt **or obtain a copy of a judgment and mail you a copy of such judgment** or verification.

(Ex. A, Letter, emphasis added)

66. At the time the Letter was mailed, there was no judgment on the alleged debt, and Defendants knew that no judgment existed.

67. Defendants' reference to a judgment, coupled with the numerous warnings of legal action throughout the Letter, made Plaintiff that there may have been a judgment entered with respect to the alleged debt, or that Defendants were in the process of obtaining one.

68. The reference to a judgment, coupled with the numerous warnings of legal action throughout the letter, would make the unsophisticated consumer believe there may already have

been a judgment entered with respect to the alleged debt, or that Defendants were in the process of obtaining one.

69. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or…**

70. Defendants misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a), when they stated that upon written request, they would obtain a copy of a judgment and mail copy of same to Plaintiff, despite there being no such judgment.

71. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

72. Defendants used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when they stated there was a copy of a judgment available to mail to Plaintiff when there was no such judgment.

73. Defendants could have easily avoided violating the FDCPA by not including numerous threats of legal action along with a reference to a non-existent judgment.

74. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)).

11

75. Here, Defendants' misrepresentation that the amount necessary to pay the debt in full could change if serviced by another collector would make Plaintiff more likely to pay the alleged debt now to avoid a higher amount in the future.

76. LVNV bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Resurgent and FRS. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

77. Resurgent bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including FRS. *Id.*

78. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

79. Plaintiff brings this action individually and as a class on behalf of two classes:

Transfer class

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant FRS attempted to collect a charged off debt on behalf of LVNV and Resurgent (3) by sending a letter substantially similar to Exhibit A (4) which contained the statement "As of the date of this letter, you owe the outstanding balance of $_____. While your account is with our office, if you pay $_____, the above referenced account will be considered paid in full," (5) sent during the time period that begins on May 10, 2019 and ends on May 11, 2020.

<u>Judgment Threat class</u>

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant FRS attempted to collect a charged off consumer debt on behalf of LVNV and Resurgent (3) by sending a letter substantially similar to Exhibit A (4) which contained statements regarding potential future litigation (5) coupled with a statement that "if you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment" (5) sent during the time period that begins on May 10, 2019 and ends on May 11, 2020.

80. As Exhibit A is a form letter, each Class likely consists of more than 40 persons from whom Defendants attempted to collect a debt using a letter substantially similar to Exhibit A.

81. Plaintiff's claims are typical of the claims of each Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of both Classes.

82. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

83. The prosecution of separate actions by individual members of the Classes would create a risk inconsistent or varying adjudications with respect to individual members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of

the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

84. Plaintiff will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of both Classes, because Defendants' conduct was perpetrated on all members of the Classes and will be established by common proof.

85. LVNV's net worth is over $50,000,000.

86. Resurgent's net worth is over $50,000,000.

87. Plaintiff has retained counsel that has been approved as class counsel in cases brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

88. Plaintiff re-alleges above paragraphs as set forth fully in this count.

89. Defendants failed to adequately communicate the amount of an alleged debt, in violation of 15 U.S.C. §§ 1692g(a)(1), when they stated the amount provided as "due" was as of the date of the letter and good while the account was with Defendant FRS' office.

90. Defendants misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a), 1692e(5) and 1692e(10), when they suggested it was possible that the payoff amount of a charged off debt could become insufficient if the debt was placed with a different office.

91. Defendants falsely represented that the referral or other transfer of an alleged debt could result in Plaintiff being subject to a practice prohibited by the FDCPA, namely the false

implication that the amount of the alleged debt would increase in the future if the debt is transferred to another collector, in violation of § 1692e(6)(B) of the FDCPA.

92. Defendants used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when it suggested the amount required to pay the debt in full could be insufficient at a future date, or if the account was no longer with FRS.

93. Defendants misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a), when they stated that upon written request, they would obtain a copy of a judgment and mail copy of same to Plaintiff, despite there being no such judgment.

94. Defendants used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when they stated there was a copy of a judgment available to mail to Plaintiff when there was no such judgment.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class' favor and against Defendants, as follows:

    A.    Statutory damages for the class, pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo