IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER JONES, individually and on behalf   )
of a class of similarly situated individuals,   )
   )
           Plaintiff,   )
   )
           v.   )   Case No. 20 C 2843
   )
FINANCIAL RECOVERY SERVICES, INC.,   )   Judge Joan H. Lefkow
LVNV FUNDING LLC, and RESURGENT   )
CAPITAL SERVICES L.P.,   )
   )
           Defendants.   )

## OPINION AND ORDER

Jennifer Jones filed this putative class action complaint against Financial Recovery Services, Inc. ("FRS"), LVNV Funding LLC ("LVNV"), and Resurgent Capital Services L.P. ("Resurgent") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), relating to the defendants' attempt to collect a charged-off consumer credit card debt. Before the court is the defendants' joint motion to compel arbitration. For the following reasons, the motion is granted.[1]

## BACKGROUND[2]

On October 26, 2016, Jones opened a consumer credit account with Credit One Bank, N.A. ("Credit One"). Gary Harwood, Vice President of Portfolio Services of Credit One and an authorized representative of Credit One, MHC Receivables, LLC ("MHC"), and FNBM, LLC,

---

[1] The court has jurisdiction under 28 U.S.C. § 1331. Venue lies under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

[2] The following facts are taken from the complaint and affidavits submitted with the motion materials. They are accepted as undisputed unless otherwise noted.

attests that Credit One sent Jones a credit card to her address in Chicago, Illinois. In this correspondence, Credit One enclosed its card agreement (the "Agreement"). Harwood submits a copy of the Agreement in support of the motion. The attached Agreement, according to Harwood, is materially the same with respect to the arbitration provisions as the agreement sent to Jones in 2016. The Agreement informed Jones that "[b]y requesting and receiving, signing or using your Card, you agree [that] … [t]he Arbitration Agreement provided to you with this Agreement governs the enforcement by you and us of your and our legal rights under this Agreement." The arbitration provisions detailed that "[c]laims subject to arbitration include, but are not limited to, disputes relating to… collections matters relating to your account." The Agreement also stated that the arbitration provision shall survive "any transfer or assignment of your Account, or any amounts owed on your Account, to any person."

According to an affidavit submitted by Jones, she did not receive and could not have received the Agreement with the credit card because the date on the Agreement submitted by Credit One is dated 2018. Jones does not deny, however, that she received a card agreement when she received her credit card. Jones used the Credit One credit card to make purchases, her last purchase occurring on October 4, 2017. She maintained a balance on the account but could not pay it. Credit One charged off Jones's debt on March 5, 2018.

On March 31, 2018, Credit One sold a pool of charged-off accounts, including Jones's account, to MHC. The receivables associated with the account were sold by Credit One to MHC and FNBM. On April 18, 2018, MHC and FNBM sold all of their rights, title, and interest in and to these same accounts, including Jones's account, to Sherman Originator III LLC ("Sherman III"). On that same day, Sherman III then sold all of its interest to Sherman Originator LLC ("Sherman"). Sherman then sold all of its interest to LVNV.

Resurgent began servicing the debt after it was purchased by LVNV. Resurgent and LVNV then hired FRS to collect the debt. On May 10, 2019, FRS sent Jones a debt collection letter related to the debt that Jones owed Credit One. This letter forms the basis of Jones's FDCPA claim.

## **LEGAL STANDARD**

Motions to compel arbitration arise under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and are addressed under Federal Rule of Civil Procedure 12(b)(3) as challenging venue. *Grasty* v. *Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (citing *Jackson* v. *Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014)); *Johnson* v. *Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) (an arbitration clause is "simply a type of forum-selection clause," and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)). The Court may consider materials outside the pleadings when evaluating such a motion. *Johnson*, 556 F. App'x at 544-45.

To compel arbitration, a party must show (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co*. v. *Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006). Although "the FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet," the Seventh Circuit has "analogized the standard to that required of a party opposing summary judgment under Rule 56(e)." *Tinder* v. *Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). As such, the party seeking to compel arbitration has the burden of establishing an agreement to arbitrate, and "the opposing party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.*

<u>**ANALYSIS**</u>

Jones argues that this court should deny the motion to compel arbitration for three reasons. First, she denies the existence of the arbitration agreement that the defendants have posited. Second, she contends that the right to arbitrate was not transferred to LVNV. Third, she asserts that her claim is not based on the terms of the agreement.

**I.     Existence of an Agreement to Arbitrate**

**A.  Date of agreement**

Jones contends that defendants have failed to show that there was an agreement to arbitrate between her and Credit One because the Agreement that defendants attach to their motion is dated 2018 and, since she stopped using and making payments on her Credit One account in 2017, she could not have entered into that Agreement. She seems to argue, then, that the agreements between them were unwritten, arising each time she used the card, none of which is alleged to have contained an arbitration clause. She points to the court's statement in *Razor Capital* v. *Antaal*, 2012 IL App (2d) 110904, ¶ 35, 972 N.E.2d 1238, 1241, that absent a written credit card agreement, "each time a credit card is used, a new contract exists between the parties according to the terms 'in effect' (i.e., having been communicated to the defendant in a reasonable manner) at the time of the use." *Razor Capital* v. *Antaal*, 2012 IL App (2d) 110904, ¶ 35, 972 N.E.2d 1238, 1241.[3]

Jones's reliance on this case sidesteps the issue of whether she received a document like the 2018 Agreement along with her credit card in 2016. Credit One's evidence is the testimony

---

[3] *Razor Capital* concerned pleading requirements for an action based on an unwritten credit card agreement. The court held that the plaintiff creditor had failed to allege the terms of the contract, noting that unwritten contracts have terms, but dismissal with prejudice was error because the defect could be cured by repleading. Here, by contrast, Credit One relies on a written contract, whose terms are specific and pleaded in the motion.

of Harwood, who states, based on his knowledge of Credit One's business records and practices, that the 2018 Agreement is materially the same as it was when Jones received her credit card.[4] This is sufficient to require Jones to demonstrate a genuine question whether this assertion is true. She does not deny that she received a credit card agreement with her credit card in 2016. From that the court must conclude that she did. That being so, Jones does not point to any evidence suggesting that a materially identical arbitration clause was omitted from the document she received in 2016. Unlike the facts in *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 16 C 8075, 2017 WL 1954545, *4–5 (N.D. Ill. May 11, 2017), where the defendant's motion to compel arbitration was denied because the evidence revealed that the contract might not have been subject to an arbitration agreement, here the only evidence to the contrary is Jones's denial that she received the 2018 version of the document. Further, Jones does not dispute that her card was charged-off in March of 2018. Had she made a sufficient payment before this event in 2018, she would have been able to access her revolving line of credit with Credit One under the terms of the Agreement. Therefore, the court concludes that Jones agreed to arbitrate her disputes with Credit One.

### B. Assignment of arbitration rights

Jones also attempts to avoid the effects of the Agreement by arguing that the defendants have failed to show that the right to arbitrate was assigned to LVNV. We disagree.

As described above, defendants attach to their motion an affidavit of Harwood. Harwood attests that Credit One sold the rights, title, and interest in Jones's account to MHC and FNBM

---

[4] Harwood does not state how long he has been in his position so as to have knowledge that the Agreement was not materially different from 2016 or 2017, and apparently he cannot produce earlier-dated documents. Nonetheless, because Jones does not rely on defective foundation, the court accepts that Credit One has made the necessary showing that the Agreement reflects the arbitration provisions during the preceding two years in all material respects.

and that MHC and FNBM sold those rights, title, and interest to Sherman III. In support, he attaches the Bills of Sale and Assignment between Credit One and MHC, and MHC and Sherman III. In addition, defendants submit a declaration of Anne Herthneck. Herthneck is a paralegal at Resurgent, a custodian of records of LVNV, and an authorized representative of LVNV and Resurgent. Herthneck attests that Sherman III sold the rights, title, and interest in Jones's account to Sherman, which then sold them to LVNV. In support, Herthneck attaches a Declaration of Account transfer between Sherman III, Sherman, and LVNV.

This is sufficient evidence from persons with personal knowledge to show that Credit One's rights under the agreement were properly assigned to LVNV. *See Fuller* v. *Frontline Asset Strategies, LLC*, No. 17 C 7901, 2018 WL 1744674, at *3 (N.D. Ill. 2018) (finding a chain of title between Credit One and LVNV under similar circumstances and granting motion to compel arbitration). Jones has not come forward with specific evidence disputing this chain of transfers. In addition, the arbitration provision expressly states that it "survives any transfer of ownership of the Account or any debt on the Account." Also, the Agreement specifically informed Jones that she was entering into an agreement with Credit One and "its successors or assigns." Accordingly, the court concludes that LVNV is the assignee entitled to enforce the arbitration provisions of the contract.

### C. Scope of the Agreement to Arbitrate

Finally, Jones argues that the claim in this case does not fall within the scope of the arbitration provision in the agreement. The Agreement clearly provides for arbitration of claims "relating to" the card account and specifies that it covers "collection matters relating to [the] account." Jones chose to obtain and use the card and she is bound by the Agreement that went

with the card. Jones is still entitled to pursue her claim, just not in federal court. The proper

forum for resolution of this dispute is arbitration.

## **CONCLUSION**

For the reasons provided, the court grants the defendants' joint motion to compel

arbitration (dkt. 17). Jones is ordered to submit her claim to arbitration on an individual basis in

accordance with the arbitration provision of the agreement. It is so ordered. This case is

terminated.

Date: October 23, 2020

_____

U.S. District Judge Joan H. Lefkow